IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINALD BROWN, | PRISONER HABEAS CORPUS 28 U.S.C. § 2254 |
| Petitioner, | |
| v. | CIVIL ACTION FILE NO. 1:14-CV-3718-WSD-JKL |
| GREGORY McLAUGHLIN, Warden, | |
| Respondent. | |

## FINAL REPORT AND RECOMMENDATION

Petitioner is a state prisoner who, *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner challenges his judgment of conviction entered in Fulton County, Georgia.  [*Id.*]

Petitioner asserts four grounds for habeas relief in his petition.  [*Id.*] Respondent filed an Answer-Response with brief in support [Doc. 6], and copies of the state record [Doc. 7].  Petitioner did not file a reply.

## I.   BACKGROUND

Petitioner was indicted by a Fulton County grand jury on October 24, 2006, for hijacking a motor vehicle, aggravated assault with intent to rob, three counts of aggravated assault with a deadly weapon, three counts of kidnapping, and three

counts of possession of a firearm during the commission of a crime. [Doc. 7-8 at 13-17.] A trial jury found Petitioner guilty of aggravated assault with intent to rob, two counts of aggravated assault with a deadly weapon, and one count of kidnapping. [Doc. 7-9 at 81-82.]

A summary of the evidence presented at trial is as follows:

> [A]t approximately 8:30 p.m. on October 3, 2006, Kurnollion Butler, Bashona Mapp, and Rosa Davis, who were employees at a Family Dollar store in East Point, drove to a nearby bank after closing the store for the evening. Butler, who was the manager of the store, got out of her car and was walking toward the bank's ATM to make a withdrawal when she was approached by [Petitioner]. [Petitioner] pointed a gun at Butler's head and demanded that she give him "the deposit." Butler understood [Petitioner] to be asking for the store's money, and she told him that the money remained at the store because she made deposits in the mornings. [Petitioner] then demanded that they return to the store in Butler's car to get the money.
>
> As Butler and [Petitioner] entered the car, Mapp attempted to flee from the scene. [Petitioner] pointed the gun at Mapp, and told her that he would shoot her if she did not get back in the car. [Petitioner] demanded that the women throw their cell phones in the back of the car, and he drove Butler, Mapp, and Davis back to the Family Dollar store. [Petitioner] told the women that he would give them some money if they cooperated, and Butler told him that she would help him. When they arrived at the store, [Petitioner] told Butler to get the money and then come right back to the car, but as soon as Butler entered the store, she locked the door and called the police.
>
> After Butler did not return to the car for several minutes, [Petitioner] began driving away from the store in Butler's car; but shortly thereafter, he stopped the car and fled on foot.

2

> Approximately two hours later, [Petitioner] was apprehended by the police when he returned to the bank to retrieve his vehicle. At trial, [Petitioner's] defense was that Butler, Mapp, and Davis were each co-conspirators with him in a scheme to steal money from the Family Dollar store, and that he could not have been convicted of kidnapping or assaulting the women because they were participants in the attempted theft.

*Brown v. State*, 299 Ga. App. 782, 782-83 (2009). The trial court sentenced Petitioner to twenty years in prison on each of the four counts to run concurrently. [Doc. 7-9 at 81.] Trial counsel, Barry Hazen, made a motion for new trial, which was denied.

Appellate counsel, April Williams, was appointed to represent Petitioner. She filed an amended motion for new trial, which was denied, after an evidentiary hearing, on November 8, 2008. Appellate counsel also filed a direct appeal, raising five enumerations of error: (1) the trial court erred in denying Petitioner's motion for directed verdict as to count five of the indictment, which charged aggravated assault of Davis, where Davis testified that Petitioner never pointed a gun at her or threatened to shoot her as alleged in the indictment; (2) the trial court erred in answering a jury question incorrectly; (3) the trial court erred in not disclosing to Petitioner the contents of a note from the jury before responding to it; (4) the trial court erred in not granting Petitioner a new trial because trial counsel was ineffective for failing to obtain testimony from one of the state's witnesses that

would have shown Petitioner was in a relationship with a female employee at the Family Dollar; and (5) the trial court's sentence violated Uniform Superior Court Rule 22.6(B).  [Doc. 7-7 at 9.]  The Court of Appeals found the enumerated errors regarding the jury question were not preserved, found the remaining three claims lacked merit, and affirmed Petitioner's convictions and sentences.  *Brown*, 299 Ga. App. at 782-85, 683 S.E.2d at 874.

On July 16, 2010, Petitioner filed a state habeas corpus petition, *pro se*, in the Superior Court of Macon County, alleging two grounds of ineffective assistance of appellate counsel.  [Doc. 7-1.]  New counsel, Scott King and Sanford Wallack, entered appearances and amended the petition on March 7, 2013, adding several more grounds.  [Doc. 7-2.]  The court held an evidentiary hearing on August 28, 2013, where depositions of Petitioner's trial and appellate counsel were entered into evidence.  In a post-hearing brief, Petitioner stated he would proceed on three grounds set forth in the brief:  (1) the evidence of the asportation element of kidnapping was insufficient to support Petitioner's conviction pursuant to *Garza v. State*, 284 Ga. 696, 702 (2008); (2) Petitioner's aggravated assault and kidnapping counts against one of the victims should have been merged for sentencing; and (3) Petitioner received ineffective assistance of appellate counsel. [Doc. 7-3 at 1.]

4

The state habeas court agreed that Petitioner's aggravated assault and kidnapping counts should have been merged for sentencing, but denied relief on the other two grounds on the merits. [Doc. 7-4.] Petitioner's application for a certificate of probable cause was denied by the Georgia Supreme Court on September 22, 2014. [Doc. 7-5.]

Petitioner then sought relief under § 2254 in this Court, raising four grounds of relief: (1) trial counsel was ineffective because he "failed to be a professional, researched nothing, interviewed no one, did not include the petitioner in preparing for trial, refused to prepare the petitioner to testify, . . . was not an adversary," and "did not object at critical junctures during trial"; (2) appellate counsel was ineffective because she had "no appellate experience, call[ed] no witnesses at the hearing for new trial, fail[ed] to file a recusal motion in the trial court, and failed to raise all constitutional grounds at the earliest opportunity"; (3) the trial court committed errors that denied Petitioner a constitutionally viable trial; and (4) his conviction is plain error because there was "ample evidence of a conspiracy," but the "trial court, appeal courts, and habeas court refused to see this fact." [Doc. 1 at 5-10.]

5

Respondent contends that Petitioner procedurally defaulted all of his grounds for relief because they are new claims not raised in the state courts and would be deemed successive if raised in a second state collateral attack.

## II. APPLICABLE LEGAL STANDARDS

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus for a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). This power, however, is limited. A federal court cannot retry the criminal case or ignore the state court's rulings. *See Bell v. Cone*, 535 U.S. 685, 693 (2002) ("The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law.").

A.     Merits Review Under 28 U.S.C. § 2254

A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence

6

presented in the State court proceeding."  28 U.S.C. § 2254(d).  "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."  *Pinholster*, 563 U.S. at 181 (citations and quotation marks omitted).  "The petitioner carries the burden of proof."  *Id.*

In applying 28 U.S.C. 2254(d), a federal habeas court first determines the "clearly established federal law" based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The federal habeas court then determines whether the state court decision is "contrary to" that clearly established federal law, *i.e.*, whether the state court "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision "and nevertheless arrives at a [different] result."  *Id.* at 405-06.

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it then determines whether the decision is an "unreasonable application" of that law, *i.e.*, whether "the state court identifies the correct governing legal principle" from the Supreme Court's decisions "but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

A federal court may not grant habeas relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be [objectively] unreasonable."  *Id.* at 409, 411; *see Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law." (quotations omitted)).  In short, when a state court applies clearly established federal law to a claim, federal habeas relief is not available unless the petitioner shows that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  *Harrington*, 562 U.S. at 103.

B.   Procedural Default

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court.  Claims can be defaulted in two ways.

First, if a claim was not raised in state court and cannot now be raised there under state procedural law, the claim is defaulted and barred from review in federal court.  *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).  In other words,

> if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court;

8

> the exhaustion requirement and procedural default principles
> combine to mandate dismissal.

*Id.* (citations omitted).  Under Georgia law, a ground for relief that is not raised on direct appeal cannot be asserted later in state court unless the petitioner shows cause and prejudice for the failure to raise the issue on direct appeal.  *Head v. Ferrell*, 274 Ga. 399, 401 (2001); *Gaither v. Gibby*, 267 Ga. 96, 97 (1996) ("[A]ny issue that could have been raised [on direct] appeal but was not, is procedurally barred from consideration in [state] habeas corpus proceedings absent a showing of adequate cause for the failure to raise it earlier and a showing of actual prejudice." (citation omitted)).  And a ground for relief not raised in a state habeas cannot be presented in another state habeas petition unless the Constitution requires otherwise or a judge finds that the ground could not reasonably have been raised in the first habeas.  O.C.G.A. § 9-14-51.

The second situation is where a claim was presented to a state court and that court rejected it on an independent and adequate state-law ground of default. *Coleman v. Thompson*, 501 U.S. 722, 732-35 (1991).  Claims defaulted under state law are barred from review by a federal court.  *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Bailey,* 172 F.3d at 1303.

The bar to federal habeas review may be lifted if the petitioner demonstrates either (1) cause for the default and actual prejudice from the alleged violation of

9

federal law; or (2) failure to consider the defaulted claim will result in a fundamental miscarriage of justice, *i.e.*, the continued incarceration of someone who is actually innocent. *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986). To establish cause, a petitioner must show "that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. To establish prejudice, "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted). To prevail on a claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have convicted him" had the new evidence been presented. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

    C.    <u>Ineffective Assistance of Counsel</u>

    The standard for evaluating ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The analysis is two-pronged, but a court need not address both prongs "if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

The petitioner must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  A court must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Atkins v. Singletary*, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate . . . ."). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy, *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), and "a petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden," *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).  Appellate counsel in a criminal case does not have a duty to raise every nonfrivolous issue requested by her client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

Under *Strickland*'s second prong, a petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him.  *Strickland*, 466 U.S. at 694.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  *Id.* at 691.  A petitioner "must show that there is a reasonable

11

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

When the deferential *Strickland* standard is "combined with the extra layer of deference that § 2254 provides, the result is a double deference and the question becomes whether 'there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'"  *Johnson v. Sec'y*, *DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) (citing *Harrington*, 562 U.S. at 89).  "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."  *Id.* at 911.

## III.   ANALYSIS

After reviewing the record of the proceedings in state court and the parties' filings, the undersigned finds that Petitioner procedurally defaulted all of his grounds for relief except those alleging that appellate counsel rendered ineffective assistance by failing to raise certain constitutional claims on appeal.  The undersigned further finds that Petitioner has not overcome the deference owed to the state habeas court's ruling on those constitutional claims and that Petitioner has not shown a basis to excuse the default of the other grounds for relief.

12

A.    The Procedurally Defaulted Grounds

Petitioner did not raise on direct appeal or in his state habeas case the following grounds for relief:  ineffective assistance of trial counsel, that the trial court acted like a second prosecutor, never ruling in Petitioner's favor, that his conviction is invalid because there was "ample evidence of a conspiracy," or that appellate counsel was ineffective by failing to call witnesses at his hearing for a new trial or for failing to file a recusal motion.  As discussed above, prisoners must give state courts a "full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), by "fairly present[ing]" the claims in state court, *Baldwin*, 541 U.S. at 29 (quotation marks omitted).  Because Petitioner could have raised the grounds listed above in his earlier state court proceedings but did not, he cannot now raise them in the state courts.  *See* O.C.G.A. § 9-14-48(d); *Head*, 274 Ga. at 401-02; *Gather*, 267 Ga. at 97.  These grounds are thus unexhausted and procedurally defaulted from review in this federal case.

B.    The Grounds Adjudicated on the Merits by the State Habeas Court

Arguably, Petitioner's claim that appellate counsel rendered ineffective assistance by failing "to raise all constitutional grounds at the earliest opportunity" could be construed to repeat the three claims of ineffective assistance of appellate

counsel raised in the state habeas proceeding.[1]  These ineffective assistance claims were presented to and adjudicated on the merits by the state habeas court. Petitioner can obtain relief on this claim only by showing that the state habeas court's adjudication was contrary to, or unreasonably applied, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See supra* Part II.A.

The relevant habeas decision this Court must review under the deferential § 2254 standard is the Georgia Supreme Court's denial of Petitioner's CPC application because that was "the last state court to pass on the merits of [Petitioner's] . . . claims." *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1231-33 (11th Cir. 2014).  Although the Georgia Supreme Court summarily denied the CPC application without explanation, [Doc. 7-5], the Court must presume that the appellate court adjudicated the claims on the merits because there is no indication that it denied the CPC application on procedural grounds or otherwise did not review the merits. *See Hittson*, 759 F.3d at 1232-33 & n.25 ("Accordingly, we do not review the reasoning given in the Butts County Superior Court decision; rather,

---

[1] To the extent that Petitioner intends this ground to include constitutional claims not raised on appeal or before the state habeas court, those claims are procedurally defaulted because they were not presented to the state courts and cannot be presented now. *See supra* Part III.A.

we review the decision of the Georgia Supreme Court, in accordance with [*Harrington*'s] instructions.").   The Court must review the record before the Georgia Supreme Court to determine what arguments or theories could have supported that court's decision to deny the CPC application.   *Id.*  Petitioner "may only obtain federal habeas relief 'by showing there was no reasonable basis for the [Georgia Supreme Court] . . . to deny relief.'"[2] *Id.* at 1233 (quoting *Harrington*, 562 U.S. at 98).

The state habeas court applied *Strickland* to Petitioner's claim that appellate counsel was ineffective.  [Doc. 7-4 at 10-19.]   As discussed above, that is the correct, clearly established federal law applicable to the claim.  *See supra* Part II.C.

Petitioner argued before the state habeas court that appellate counsel was ineffective for failing to raise three constitutional claims:  (1) trial counsel was ineffective for failing to request a jury charge on Petitioner's sole defense; (2) trial

---

[2] In a later opinion that appears inconsistent with *Hittson*, the Court of Appeals applied § 2254(d)'s deferential standard to a Georgia superior court's order denying habeas relief, which contained detailed reasoning, rather than the Georgia Supreme Court's summary denial of a certificate of probable cause to appeal.  *See French v. Warden*, 790 F.3d 1259, 1264, 1268-70 (11th Cir. 2015).  The Court reconciles these cases by applying the § 2254(d) standard to the Georgia Supreme Court's summary denial of Petitioner's CPC application while considering the superior court's reasoned habeas order because the Georgia Supreme Court had that order before it.  The Eleventh Circuit Court of Appeals is reviewing *en banc* the issue created by *Hittson*.  *See Wilson v. Warden*, 774 F.3d 671 (2014), *vacated & reh'g en banc granted* (11th Cir. July 30, 2015).

counsel was ineffective for failing to present evidence of Petitioner's sole defense; and (3) for failing to challenge Petitioner's kidnapping conviction as violating due process in light of the Georgia Supreme Court's decision in *Garza v. State*, 284 Ga. 696, 670 S.E. 2d 73 (2008).  I will address the state habeas court's ruling of each issue in turn.

1.     Trial Counsel's Failure to Request a Jury Instruction on Petitioner's Sole Defense

Before the state habeas court, Petitioner argued that appellate counsel should have raised on appeal that trial counsel was ineffective for failing to request a jury instruction on Petitioner's sole defense – that he was not guilty of the charges because the alleged victims were actually his co-conspirators.   Applying *Strickland*, the state habeas court found that appellate counsel did not act unreasonably where she reviewed the jury charges and the jury was instructed on the presumption of innocence, burden of proof, and that defendant's election not to testify cannot be held against him.  [Doc. 7-4 at 17.]  The state habeas court further found that Petitioner had failed to show a reasonable probability that the outcome of his appeal would have been different had this issue been presented, noting that "[d]uring the trial, the jury sent out a note which said, 'If you think one of the victims was involved with the incident, does that negate one or more of the charges against the defendant relating to that victim?'" and the trial court responded,

16

"Yes." [*Id.*]  The state habeas court held that "even though there was not a specific jury charge on Petitioner's theory of the case, the question by the jury and the answer by the court served the same purpose." [*Id.*]

The state habeas court further noted that Petitioner "never points out to [the court] what jury charge would have been appropriate and accepted by the trial court." [*Id.*]  According to the state court, such "speculation does not establish prejudice under *Strickland*." [*Id.* at 18.]

Based on the record of the state habeas proceedings, the undersigned cannot say that the state court's findings were not reasonable and correct.  Trial counsel argued at length in his closing argument that Petitioner could not be guilty of the charges in the indictment because the alleged victims were actually his co-conspirators, complicit in the attempted theft from Family Dollar, and that they had lied about being held at gunpoint and taken against their will.  [Doc. 7-13 at 53-61, 65-68.]    It appears from the juror's note that the jury understood trial counsel's theory and the trial judge affirmed that the jury could find Petitioner not guilty based on that theory when he answered, "Yes."

2. <u>Trial Counsel's Failure to Present Evidence of Petitioner's Defense</u>

Petitioner also argued before the state habeas court that appellate counsel was ineffective for failing to assert that trial counsel was ineffective because he did not present the testimony of two potential witnesses, Charles Harris and Aaron O'Kelley, at trial. The state habeas court found that appellate counsel was not ineffective for failing to raise this claim where appellate counsel interviewed both witnesses and found that they could only say that Petitioner was dating "a girl at the Family Dollar" – not that Petitioner was dating one of the victims. [Doc. 7-4 at 18; Doc. 11-1 at 20-21, 24-26.] Further, appellate counsel had no information to support a finding that trial counsel was made aware of either of these witnesses or their potential testimony at trial. [Doc. 7-4 at 18; Doc. 11-1 at 22, 27.]

Considering the information trial counsel had available to him at the time of trial, as required by *Strickland*, the state habeas court found that trial counsel acted reasonably by not calling witnesses whose identity and potential testimony he was not aware of, and therefore, appellate counsel was reasonable in not raising this claim on appeal.

Upon review of the record, the undersigned cannot say that the trial court's finding was not reasonable and correct. Trial counsel testified at Petitioner's hearing on the amended motion for new trial and stated that he was not aware of

any witnesses who could have testified that Petitioner had a relationship with or otherwise knew any of the alleged victims. [Doc. 7-18 at 22-23.] Moreover, appellate counsel stated that Petitioner admitted that, at least with respect to Harris, he did not inform trial counsel about any helpful testimony Harris could have provided. [Doc. 11-1 at 21-23.]

Petitioner has not overcome the double deference applicable to these claims. To overcome the deference owed the state court's decision, Petitioner "has to demonstrate that every fair-minded jurist would conclude that" the state court wrongly applied *Strickland* to those claims. *See Jones v. GDCP Warden*, 753 F.3d 1171, 1184 (11th Cir. 2014). Petitioner's task is especially difficult given that part of his claim is that one lawyer – appellate counsel – rendered ineffective assistance for not claiming that another lawyer – trial counsel – rendered ineffective assistance. In such situations, federal courts must "review with considerable deference the state [court's] determination regarding whether counsel was ineffective." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1282 (11th Cir. 2014). "[T]he habeas petitioner can meet his burden only if there was 'no reasonable basis' for the [court's] denial of relief." *Id.*

Petitioner has not satisfied that high burden. Petitioner disagrees with the state habeas court's resolution of his ineffective assistance claims, "[b]ut simple

disagreement does not overcome the two layers of deference owed by a federal habeas court in this context." *See White v. Wheeler*, 136 S. Ct. 456, 462 (2015). Petitioner is thus not entitled to relief under § 2254 on his exhausted claims of ineffective assistance by appellate counsel.

## IV.   Certificate of Appealability

A habeas petitioner may not appeal the dismissal of his § 2254 petition "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim," a certificate of appealability should issue "only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009).

The resolution of the petition in this case is not reasonably debatable. As shown above, Petitioner procedurally defaulted most of his grounds for relief and has not overcome the deference applicable to the state court's rulings on the other grounds.  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a COA is not warranted.

**V.    CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**, a certificate of appealability be **DENIED**, and this action be **DISMISSED**.

**SO RECOMMENDED** this 18th day of July, 2016.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE