IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **REGINALD BROWN,** | |
| Petitioner, | |
| v. | 1:14-cv-3718-WSD |
| **GREGORY MCLAUGHLIN,** | |
| Respondent. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [12] ("R&R"). The R&R recommends the Court deny Petitioner Reginald Brown's ("Petitioner") 28 U.S.C. § 2254 petition for a writ of habeas corpus [1] ("Section 2254 Petition").

**I. BACKGROUND**

   A.   Facts[1]

On October 24, 2006, Petitioner was indicted by a Fulton County grand jury for hijacking a motor vehicle, aggravated assault with intent to rob, three counts of

---

[1]   The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

aggravated assault with a deadly weapon, three counts of kidnapping, and three counts of possession of a firearm during the commission of a crime.  ([7.8] at 13-17).  A trial jury found Petitioner guilty of aggravated assault with intent to rob, two counts of aggravated assault with a deadly weapon, and one count of kidnapping.  ([7.9] at 81-82).

A summary of the evidence presented at trial is as follows:

[A]t approximately 8:30 p.m. on October 3, 2006, Kurnollion Butler, Bashona Mapp, and Rosa Davis, who were employees at a Family Dollar store in East Point, drove to a nearby bank after closing the store for the evening.  Butler, who was the manager of the store, got out of her car and was walking toward the bank's ATM to make a withdrawal when she was approached by [Petitioner].  [Petitioner] pointed a gun at Butler's head and demanded that she give him "the deposit."  Butler understood [Petitioner] to be asking for the store's money, and she told him that the money remained at the store because she made deposits in the mornings. [Petitioner] then demanded that they return to the store in Butler's car to get the money.

As Butler and [Petitioner] entered the car, Mapp attempted to flee from the scene. [Petitioner] pointed the gun at Mapp, and told her that he would shoot her if she did not get back in the car. [Petitioner] demanded that the women throw their cell phones in the back of the car, and he drove Butler, Mapp, and Davis back to the Family Dollar store.  [Petitioner] told the women that he would give them some money if they cooperated, and Butler told him that she would help him.  When they arrived at the store, [Petitioner] told Butler to get the money and then come right back to the car, but as soon as Butler entered the store, she locked the door and called the police.

After Butler did not return to the car for several minutes, [Petitioner] began driving away from the store in Butler's car; but shortly thereafter, he stopped the car and fled on foot.  Approximately two

2

> hours later, [Petitioner] was apprehended by the police when he returned to the bank to retrieve his vehicle. At trial, [Petitioner's] defense was that Butler, Mapp, and Davis were each co-conspirators with him in a scheme to steal money from the Family Dollar store, and that he could not have been convicted of kidnapping or assaulting the women because they were participants in the attempted theft.

Brown v. State, 683 S.E.2d 874, 876 (Ga. Ct. App. 2009).  The trial court sentenced Petitioner to twenty years in prison on each of the four counts to run concurrently. ([7.9] at 81).  Trial counsel, Barry Hazen, made a motion for new trial, which was denied.

Appellate counsel, April Williams, was appointed to represent Petitioner. She filed an amended motion for new trial, which was denied, after an evidentiary hearing, on November 8, 2008.  Appellate counsel also filed a direct appeal, raising five enumerations of error:  (1) the trial court erred in denying Petitioner's motion for directed verdict as to count five of the indictment, which charged aggravated assault of Davis, where Davis testified that Petitioner never pointed a gun at her or threatened to shoot her as alleged in the indictment; (2) the trial court erred in answering a jury question incorrectly; (3) the trial court erred in not disclosing to Petitioner the contents of a note from the jury before responding to it; (4) the trial court erred in not granting Petitioner a new trial because trial counsel was ineffective for failing to obtain testimony from one of the state's witnesses that would have shown Petitioner was in a relationship with a female employee at the

3

Family Dollar; and (5) the trial court's sentence violated Uniform Superior Court Rule 22.6(B).  ([7.7] at 9).  The Court of Appeals found the enumerated errors regarding the jury question were not preserved, found the remaining three claims lacked merit, and affirmed Petitioner's convictions and sentences.  Brown, 683 S.E.2d at 877-78.

On July 16, 2010, Petitioner filed a state habeas corpus petition, *pro se*, in the Superior Court of Macon County, alleging two grounds of ineffective assistance of appellate counsel.  ([7.1]).  On March 7, 2013, new counsel, Scott King and Sanford Wallack, entered appearances and amended the petition, adding several more grounds.  ([7.2]).  On August 28, 2013, the court held an evidentiary hearing during which depositions of Petitioner's trial and appellate counsel were entered into evidence.  In a post-hearing brief, Petitioner stated he would proceed on three grounds set forth in the brief:  (1) the evidence of the asportation element of kidnapping was insufficient to support Petitioner's conviction pursuant to Garza v. State, 284 Ga. 696, 702 (2008); (2) Petitioner's aggravated assault and kidnapping counts against one of the victims should have been merged for sentencing; and (3) Petitioner received ineffective assistance of appellate counsel.  ([7.3] at 1).

The state habeas court agreed that Petitioner's aggravated assault and kidnapping counts should have been merged for sentencing, but denied relief on the other two grounds on the merits. ([7.4]). On September 22, 2014, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause. ([7.5]).

B. Procedural History

On November 17, 2014, Petitioner filed his Section 2254 Petition in this Court, raising four grounds of relief: (1) trial counsel was ineffective because he "failed to be a professional, researched nothing, interviewed no one, did not include the petitioner in preparing for trial, refused to prepare the petitioner to testify, . . . was not an adversary," and "did not object at critical junctures during trial"; (2) appellate counsel was ineffective because she had "no appellate experience, call[ed] no witnesses at the hearing for new trial, fail[ed] to file a recusal motion in the trial court, and failed to raise all constitutional grounds at the earliest opportunity"; (3) the trial court committed errors that denied Petitioner a constitutionally viable trial; and (4) his conviction is plain error because there was "ample evidence of a conspiracy," but the "trial court, appeal courts, and habeas court refused to see this fact." ([1] at 5-10).

Respondent contends that Petitioner procedurally defaulted all of his grounds for relief because they are new claims not raised in the state courts and would be deemed successive if raised in a second state collateral attack.

On July 18, 2016, the Magistrate Judge issued his R&R.[2] The Magistrate Judge determined that Petitioner procedurally defaulted all of his grounds for relief except those alleging that appellate counsel rendered ineffective assistance by failing to raise certain constitutional claims on appeal.  The Magistrate Judge found that Petitioner did not overcome the deference owed to the state habeas court's ruling on those constitutional claims and that Petitioner did not show a basis to excuse the default on the other grounds for relief.  Accordingly, the Magistrate Judge recommends the Court deny Petitioner's Section 2254 Petition.  Petitioner did not file any objections to the R&R.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams

---

[2]     On January 19, 2016, this matter was submitted to Magistrate Judge Larkins after Magistrate Judge Gerrilyn G. Brill retired.

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

> B.   Analysis

The Magistrate Judge determined that Petitioner procedurally defaulted all of his grounds for relief except those alleging that appellate counsel rendered ineffective assistance by failing to raise certain constitutional claims on appeal. The Magistrate Judge found that Petitioner did not overcome the deference owed to the state habeas court's ruling on those constitutional claims and that Petitioner did not show a basis to excuse the default on the other grounds for relief.

> 1.   Procedurally Defaulted Claims

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court.  Claims can be defaulted in two ways.  First, if a claim was not raised in state court and cannot now be raised there under state procedural law, the claim is defaulted and barred from review in federal court.  Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999).  In other words,

> [I]f the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.

Id. (citations omitted).  Under Georgia law, a ground for relief that is not raised on direct appeal cannot be asserted later in state court unless the petitioner shows cause and prejudice for the failure to raise the issue on direct appeal. Head v. Ferrell, 274 Ga. 399, 401 (2001); Gaither v. Gibby, 267 Ga. 96, 97 (1996) ("[A]ny issue that could have been raised [on direct] appeal but was not, is procedurally barred from consideration in [state] habeas corpus proceedings absent a showing of adequate cause for the failure to raise it earlier and a showing of actual prejudice." (citation omitted)).  A ground for relief not raised in a state habeas cannot be presented in another state habeas petition unless the Constitution requires otherwise or a judge finds that the ground could not reasonably have been raised in the first habeas petition.  O.C.G.A. § 9-14-51.

The second situation is where a claim was presented to a state court and that court rejected it on an independent and adequate state-law ground of default. Coleman v. Thompson, 501 U.S. 722, 732-35 (1991).  Claims defaulted under state law are barred from review by a federal court.  Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977); Bailey, 172 F.3d at 1303.

The bar to federal habeas review may be lifted if the petitioner demonstrates either (1) cause for the default and actual prejudice from the alleged violation of federal law; or (2) failure to consider the defaulted claim will result in a fundamental miscarriage of justice, that is, the continued incarceration of someone who is actually innocent. Coleman, 501 U.S. at 750; Murray v. Carrier, 477 U.S. 478, 488-89, 495-96 (1986). To establish cause, a petitioner must show "that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. To establish prejudice, "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted). To prevail on a claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have convicted him" had the new evidence been presented. Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

The Magistrate Judge found that Petitioner did not raise on direct appeal or in his state habeas case the following grounds for relief: ineffective assistance of trial counsel, that the trial court acted like a second prosecutor, never ruling in

9

Petitioner's favor, that his conviction is invalid because there was "ample evidence of a conspiracy," or that appellate counsel was ineffective by failing to call witnesses at his hearing for a new trial or for failing to file a recusal motion. The Magistrate Judge noted that, because Petitioner could have raised these grounds in his earlier state court proceedings but did not, he cannot now raise them in the state courts. (R&R at 13). Accordingly, the Magistrate Judge found that these grounds are unexhausted and procedurally defaulted from review. The Court finds no plain error in these findings and recommendation. See Slay, 714 F.2d at 1095.

### 2. The Grounds Adjudicated on the Merits by the State Habeas Court

Petitioner raised his ineffective assistance claims to the state habeas court, and the state habeas court adjudicated them on the merits. Thus, Petitioner can obtain relief on this claim only by showing that the state habeas court's adjudication was contrary to, or unreasonably applied, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state habeas court proceedings. See 28 U.S.C. § 2254(d).

The Magistrate Judge first noted that the relevant habeas decision the Court must review is the Georgia Supreme Court's denial of Petitioner's CPC application, because that was the last state court to pass on the merits of Petitioner's claims. The state habeas court applied Strickland v. Washington, 466

U.S. 668 (1984) to Petitioner's claim that appellate counsel was ineffective for failing to raise three constitutional claims: (1) trial counsel was ineffective for failing to request a jury charge on Petitioner's sole defense; (2) trial counsel was ineffective for failing to present evidence of Petitioner's sole defense; and (3) for failing to challenge Petitioner's kidnapping conviction as violating due process in light of the Georgia Supreme Court's decision in Garza v. State, 670 S.E.2d 73 (Ga. 2008).

With respect to the first ground, Petitioner argued that appellate counsel should have raised on appeal that trial counsel was ineffective for failing to request a jury instruction on Petitioner's sole defense that he was not guilty of the charges because the alleged victims were actually his co-conspirators. The state habeas court found that appellate counsel did not act unreasonably where she reviewed the jury charges and the jury was instructed on the presumption of innocence, burden of proof, and that defendant's election not to testify cannot be held against him. The Magistrate Judge found that, based on the record of the state habeas proceedings, the state court's findings were not unreasonable, including because (1) trial counsel argued at length in his closing argument that Petitioner could not be guilty of the charges because the alleged victims were actually his co-conspirators, and (2) it appears from a jurors' note that the jury understood trial

11

counsel's theory and the trial judge affirmed that the jury could find Petitioner not guilty based on that theory.

With respect to the remaining grounds, Petitioner argued that appellate counsel should have asserted that trial counsel was ineffective because he did not present the testimony of two potential witnesses, Charles Harris and Aaron O'Kelley.  The state habeas court found that appellate counsel was not ineffective for failing to raise this claim where appellate counsel interviewed both witnesses and found that they could only say that Petitioner was dating "a girl at the Family Dollar"—not that Petitioner was dating one of the victims.  ([7.4] at 18).  The Magistrate Judge found that Petitioner's disagreement with the state habeas court's resolution of his ineffective assistance claims could not overcome the double deference owed by a federal habeas court in this context.  (R&R at 19-20). Accordingly, the Magistrate Judge found that Petitioner is not entitled to relief under Section 2254 on his exhausted claims of ineffective assistance by appellate counsel, and he recommends the Court deny Petitioner's Section 2254 Petition. The Court finds no plain error in these findings and recommendation, and Petitioner's Section 2254 Petition is denied.  See Slay, 714 F.2d at 1095.

The Magistrate Judge also recommends the Court deny a certificate of appealability, because it is not reasonably debatable that Petitioner procedurally

defaulted most of his grounds for relief and has not overcome the deference applicable to the state court's rulings on the other grounds.  The Court finds no plain error in these findings and recommendation, and a certificate of appealability is denied.  See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Reginald Brown's 28 U.S.C. § 2254 petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 8th day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE